# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

HAROLD TARPLEY,

    Plaintiff,

v.                                                      Case No. 2:24-cv-02513-MSN-atc

CITY OF MEMPHIS, CITY OF MEMPHIS
DIVISION OF PUBLIC WORKS,
*Department of Code Enforcement*,
MEMPHIS POLICE DEPARTMENT,
SHELBY COUNTY GENERAL SESSIONS
COURT CLERK, W. LEWIS, *employee of
City Code Enforcement*, and SHELBY
COUNTY ATTORNEY,

    Defendants.

## ORDER ADOPTING REPORT AND RECOMMENDATION

Before the Court is the Magistrate Judge's Report and Recommendation (ECF No. 38, "R&R"), entered February 5, 2026. The R&R recommends that the pending Motions to Dismiss (ECF Nos. 22 & 27) be granted and that this case be dismissed. (ECF No. 38 at PageID 1343.) Plaintiff had fourteen (14) days after being served to file objections, giving him a deadline of February 19, 2026. He did not file any objections by that date. Instead, Plaintiff filed a "reply" to the R&R on February 21, 2026 (ECF No. 39), a voluminous compilation of objections on February 24, 2026 (ECF No. 40), and a second "reply" on March 6, 2026 (ECF No. 41). Plaintiff did not obtain leave of the Court to make these late filings.

Because the Court is not obligated to consider Plaintiff's untimely objections and the interests of justice do not favor excusing their untimeliness, the Court **ADOPTS** the Magistrate

Judge's Report and Recommendation. The Defendants' Motions to Dismiss are accordingly **GRANTED**.

## STANDARD OF REVIEW

Congress enacted 28 U.S.C. § 636 to relieve the burden on the federal judiciary by permitting the assignment of district court duties to magistrate judges. *See United States v. Curtis*, 237 F.3d 598, 602 (6th Cir. 2001) (citing *Gomez v. United States*, 490 U.S. 858, 869–70 (1989)); *see also Baker v. Peterson*, 67 F. App'x 308, 310 (6th Cir. 2003). For dispositive matters, "[t]he district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. §636(b)(1). After reviewing the evidence, the court is free to accept, reject, or modify the magistrate judge's proposed findings or recommendations. 28 U.S.C. § 636(b)(1). The district court is not required to review—under a *de novo* or any other standard—those aspects of the report and recommendation to which no objection is made. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). The district court should adopt the magistrate judge's findings and rulings to which no specific objection is filed. *See id.* at 151.

Further, when objections are untimely, district courts need not address the merits of the objections. *Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 458 (6th Cir. 2012); see also *Bosley v. 21 WFMJ Television, Inc.*, 245 F. App'x 445, 450, 456 (6th Cir. 2007) (explaining that a district court is "under no obligation" to consider untimely objections). In the interests of justice, a court may excuse a party's failure to timely file objections, but it is not required to do so. *Jones v. Warden, Ross Corr. Inst.*, No. 2:11-CV-0871, 2013 WL 6230365, at *2 (S.D. Ohio Dec. 2, 2013).

## DISCUSSION

The Court has reviewed the R&R and the entire record in this matter and finds no clear error in the Magistrate Judge's analysis or conclusions. The Magistrate Judge warned that:

> Within fourteen (14) days after being served with a copy of this report and recommendation disposition, a party may serve and file written objections to the proposed findings and recommendations. A party may respond to another party's objections within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b)(2). Failure to file objections within fourteen (14) days may constitute forfeiture/waiver of objections, exceptions, and further appeal.

(ECF No. 38 at PageID 1344.) Despite this clear warning, no timely objections were filed. "A magistrate judge's notice regarding objections should not be taken lightly. Indeed, when a magistrate judge notifies parties that failure to raise a specific objection to her report and recommendation would result in waiver, parties *must* . . . timely submit their specific objections for the district judge's review." *Ward v. Wayne Cnty., Michigan*, No. 24-1830, 2025 WL 1166867, at *4 (6th Cir. Apr. 22, 2025) (emphasis added) (citing *Alspaugh v. McConnell*, 643 F.3d 162, 166 (6th Cir. 2011)). And here, Plaintiff provides no justification for the delay nor any reason why the untimeliness of the filings ought to be excused.

## CONCLUSION

Accordingly, Plaintiff's objections (ECF Nos. 39, 40, and 41) are **OVERRULED** as untimely, and the Court hereby **ADOPTS** the Report and Recommendation (ECF No. 38) in its entirety. Defendants' Motions to Dismiss are **GRANTED** and Plaintiff's Complaint (ECF No. 2) is **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED**, this 9th day of March, 2026.

*s/ Mark S. Norris*
MARK S. NORRIS
UNITED STATES DISTRICT JUDGE